ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**ALEXIS RUPERTO NIEVES FELIÚ**<br><br>Peticionario | KLCE202400326 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: ISCR202201327<br><br>Sobre: A.5.07 Imprudencia /Negligencia Temeraria |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante este Foro Alexis Ruperto Nieves Feliú (Nieves Feliú o peticionario) y solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, el 9 de febrero de 2024. Mediante la misma, el TPI declaró *No Ha Lugar* la solicitud del peticionario para abonar a su sentencia bajo el régimen de libertad a prueba el tiempo que estuvo confinado en custodia preventiva.

Por los fundamentos que expondremos a continuación, resolvemos expedir el auto de *certiorari* y revocar la *Resolución* recurrida.

**I.**

Según surge del expediente, por hechos ocurridos el 14 de diciembre de 2022, el Ministerio Público presentó cuatro (4) denuncias contra Nieves Feliú; tres (3) por infracción al Artículo 5.07 de la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-2000, 9 LPRA secs. 5127 y una por infracción al Artículo 3.23 (a) de la mencionada Ley, 9 LPRA secs. 5073(a). A este le impuso una fianza

en cada delito imputado de $50,000.00, para un total de $200,000.00. Nieves Feliú no prestó la fianza, por lo cual quedó en detención preventiva desde el 15 de diciembre de 2023. Al momento en que se presentaron las denuncias en contra de Nieves Feliú estaba pendiente la atención de un juicio en su fondo relacionado a hechos independientes ocurridos en el 2019, bajo el caso ISCR201900690.

Nieves Feliú y el Ministerio Público acordaron una *Moción sobre Alegación Pre-Acordada,* mediante la cual se reclasificó un cargo bajo el caso ISCR201900690 y luego de tal acto, el primero hizo alegación de culpabilidad en todos los casos de epígrafe. En consecuencia, el Tribunal aceptó la alegación de culpabilidad y declaró a Nieves Feliú culpable y convicto de todos los cargos. El 8 de noviembre de 2023, enmendada el 30 de enero de 2024,[1] se impuso una pena de multa en los casos I1TR202200162, 00163 y 00164, mientras que para el caso ISCR202201327, el tribunal impuso una pena de tres (3) años de cárcel. A su vez, se dispuso que la sentencia sería consecutiva con la sentencia dictada en el caso ISCR201900690, para a una pena total de seis (6) años en libertad a prueba. Al dictarse la sentencia Nieves Feliú fue excarcelado.

El Tribunal ordenó la suspensión de la sentencia a tenor con lo dispuesto en la Ley Núm. 259 de 3 de abril de 1946, sobre sentencias suspendidas, por lo que Nieves Feliú quedó bajo la custodia legal del Tribunal hasta la expiración del periodo máximo de su sentencia bajo ciertas condiciones. En lo pertinente, en la vista de dictar sentencia, el Tribunal expresó que su determinación era no abonar al término de la probatoria el tiempo que Nieves Feliú estuvo en prisión.[2]

---

[1] Enmendada a los únicos efectos de indicar el término para el pago de las multas.
[2] *Minuta* de la vista celebrada el 8 de noviembre de 2023. Apéndice del alegato del Procurador General, págs. 6-8

En respuesta, el 16 de noviembre de 2023, Nieves Feliú incoó un *Escrito Solicitando Orden a los Fines de que se Abone al Convicto el Tiempo que Estuvo Privado de su Libertad* ante el TPI. Esencialmente, argumentó que procedía que se le abonara a su sentencia de cárcel bajo el régimen de libertad a prueba, los 10 meses y 24 días que estuvo en detención preventiva, toda vez que durante ese tiempo estuvo privado de su libertad. Por su parte, el Ministerio Público se opuso al antedicho petitorio, bajo el fundamento de que las disposiciones legales citadas por Nieves Feliú no contemplan el escenario para una sentencia suspendida.

Así las cosas, luego de evaluar la petición de Nieves Feliú, el 15 de febrero de 2024, el TPI notificó el pronunciamiento que hoy revisamos. En este determinó que no procedía la solicitud de Nieves Feliú y expresó lo siguiente:

[...]

En el caso de autos, aunque el señor Nieves estuvo ingresado en la institución penal desde el momento en que se le impuso la fianza hasta el momento en que se dictó la sentencia, lo cierto es que una vez se dictó la misma, este no permaneció privado de su libertad en cumplimiento de ésta, sino que se ordenó su excarcelación inmediata. En atención a ello, no se cumple con el requisito acogido en nuestra jurisprudencia de que para que aplique la bonificación que disponen la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal, supra, "hace falta que al imputado se le prive de su libertad, se le acuse y, posteriormente, se le ingrese para cumplir una sentencia por los mismos hechos por los que se le detuvo en primera instancia".

En desacuerdo con la decisión del foro primario, Nieves Feliú comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió el siguiente error:

Cometió error el TPI al no ordenar que al peticionario se le descontara totalmente de los tres años de la sentencia que se pronunció en su contra, los diez meses y veinticuatro días que estuvo confinado en detención preventiva.

Con el beneficio de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico, procedemos a resolver.

**II.**

En primer orden, nuestro ordenamiento jurídico reconoce que una persona convicta no debe permanecer privada de su libertad más tiempo del que fue sentenciado. *Pueblo v. Méndez Pérez*, 193 DPR 781, 789 (2015).

La libertad a prueba consiste en la suspensión de los efectos de la sentencia de reclusión para que el convicto se someta al régimen de supervisión que se dispone en la Ley de Sentencias Suspendidas. Artículo 51 del Código Penal de Puerto Rico, 33 LPRA sec. 5084.

La Ley Núm. 259 de 3 de abril de 1946, según enmendada, conocida como *Ley de Sentencia Suspendida y Libertad a Prueba*, 34 LPRA sec. 1026 *et seq.*, (Ley Núm. 259), instituyó en nuestro ordenamiento un sistema mediante el cual se le otorga a un convicto la oportunidad de cumplir su sentencia o parte de ésta fuera de las instituciones carcelarias, siempre y cuando éste observe buena conducta y cumpla con todas las restricciones que el tribunal le haya impuesto. *Pueblo v. Negrón Caldero*, 157 DPR 413, 417-418 (2002); *Pueblo v. Vázquez Carrillo*, 174 DPR 40, 46 (2008).

El objetivo de la sentencia suspendida es rehabilitar al individuo que delinque y lograr que éste se convierta en un miembro útil de la sociedad. *Íd.*, citando a *Pueblo v. Rodríguez Velázquez*, 152 DPR 192, 202 (2000) y *Pueblo v. Zayas Rodríguez*, 147 DPR 530 (1999). La concesión del beneficio de sentencia suspendida es discrecional, ya que su disfrute es un privilegio y no un derecho. *Íd.* En suma, la imposición de la pena en libertad queda a la sana discreción del juez sentenciador y a que el delito no sea de los

expresamente excluidos por la ley. *Pueblo v. Martínez Rivera,* 99 DPR 568 (1971).

La duración del período de libertad a prueba será igual a la duración del período fijado en la sentencia. Durante el período de libertad a prueba la Administración de Corrección ejercerá el grado de supervisión que estime necesario para lograr la rehabilitación de la persona y proteger a la comunidad. Toda persona puesta a prueba será sometida a un régimen disciplinario de vida y a un plan de tratamiento cuya duración y condiciones quedarán a discreción de la Administración de Corrección, según el problema específico de conducta que plantee la persona puesta a prueba. Artículo 3 de la Ley Núm. 246, 34 LPRA sec. 1028.

En lo concerniente al asunto que hoy atendemos, existen varias disposiciones que reglamentan el tiempo que ha de abonarse a una sentencia. Entre estos se encuentran: el Código Penal, las Reglas de Procedimiento Criminal, la Ley de Sentencia Suspendida y Libertad a Prueba y la jurisprudencia interpretativa.

En particular, el Artículo 68 del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5101, relacionado a los abonos de detención o de términos de reclusión, dispone lo siguiente:

> A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiere cumplido, en la forma siguiente:
>
> (a) El tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, **se abonará en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta**.[3]  (Énfasis nuestro).
>
> […]

A tenor con lo anterior, la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, R. 182, instituye las normas aplicables en

---

[3] El término "detención preventiva" se refiere al periodo anterior al juicio en el cual el acusado se encuentra sumariado debido a que no prestó fianza. *Pueblo v. Díaz, Rivera,* 204 DPR 472, 484 (2020).

cuanto al abono del término de detención preventiva a la sentencia. Esta expone que:

> El tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.

Además, el Tribunal Supremo de Puerto Rico expresó en *Pueblo v. Méndez Pérez*, supra, pág. 790, que:

> Reconociendo estas circunstancias y basándose en el valor que en nuestro ordenamiento jurídico tiene la libertad del individuo, ambas disposiciones ordenan que el tiempo que una persona acusada permanezca privada de su libertad, pendiente la conclusión del proceso en su contra, se abone a la pena impuesta mediante sentencia por los mismos hechos.

Cabe señalar que, según expuesto en *Pueblo v. Contreras Severino*, supra, a la pág. 665, a diferencia de otras jurisdicciones, en Puerto Rico, las salas sentenciadoras del Tribunal de Primera Instancia no tienen la obligación de incluir en sus sentencias el término que se debe abonar por la detención preventiva. Claro está, nada impide que lo hagan. Si ese fuera el caso, la bonificación sería parte integral de la sentencia. Ahora bien, las reclamaciones de un miembro de la población correccional para que se acredite a su sentencia el término que estuvo en detención preventiva deben ser atendidas primeramente por la División de Remedios Administrativos del Departamento de Corrección. Ello, no porque los tribunales carezcan de jurisdicción para atender reclamaciones como ésta, ni que la Asamblea Legislativa haya otorgado jurisdicción exclusiva a la Administración de Corrección, sino porque dicha agencia está en mejor posición para atender solicitudes de esta naturaleza provenientes de la población correccional. *Pueblo v. Contreras Severino*, supra, a las págs. 665-666.

**III.**

En la presente causa, el foro de instancia determinó que no procedía abonar a la sentencia el término que el peticionario cumplió en detención preventiva, debido a que este no permaneció privado de su libertad en cumplimiento de la sentencia, sino que se ordenó su excarcelación inmediata.

A raíz de lo anterior, el peticionario aduce que el TPI cometió un error craso y manifiesto de derecho al denegar su petición de abonar a su sentencia el tiempo cumplido en detención preventiva. Añade que, si no se le descuenta a su pena el tiempo que estuvo en detención preventiva, al finalizar su sentencia habrá cumplido un total que excede la pena que dispone uno de los delitos por el cual fue convicto.

Asimismo, el peticionario esgrime que las disposiciones legales que regulan la controversia de epígrafe no especifican ni limitan su aplicación a que el convicto finalmente sea ingresado en una cárcel a cumplir la sentencia impuesta. Particulariza que, ni el Art. 68(a) del Código Penal, ni la Regla 182 de Procedimiento Criminal, exigen la reclusión para efectos de que el convicto pueda abonar el tiempo que estuvo en detención preventiva.

Un examen ponderado del expediente, el derecho aplicable y los argumentos de ambas partes, nos lleva a concluir que procede nuestra intervención con la *Resolución* recurrida. Reconocemos la particularidad del asunto que presenta el caso del peticionario, más, claramente, al analizar las disposiciones aplicables, resulta evidente que el foro *a quo* se equivocó al dictar su *Resolución.* En específico, el Art. 68 (a) del Código Penal expone que el tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta. Es decir, no se hace distinción para la aplicación del abono a la sentencia del

convicto de si esta se debe cumplir en cárcel o bajo una medida alterna a la reclusión, como lo es en este caso la libertad a prueba bajo una sentencia suspendida.

Así las cosas, colegimos que el TPI erró al determinar que el peticionario no tenía derecho a la bonificación del término cumplido en detención preventiva.  En este caso la sala sentenciadora hizo referencia a la **bonificación** y claramente decretó que ello no procedía porque el peticionario se encuentra cumpliendo la sentencia de manera suspendida y no está en prisión.

Finalmente, por entender que la decisión recurrida es contraria a derecho, y bajo los criterios de la Regla 40 de nuestro Reglamento, resolvemos expedir el auto de *certiorari* y revocarla. Ello, con el objetivo de evitar un fracaso de la justicia.

## IV.

Por las consideraciones que preceden, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida. En consecuencia, se devuelve el caso al foro de instancia y se ordena resentenciar al peticionario para que la sentencia incluya la disposición expresa de que se abone el tiempo que estuvo en detención preventiva.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones